IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONSUELA BUENTEO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2280 |
| | § | |
| SOUTHWESTERN BELL | § | |
| TELEPHONE, L.P., *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff's employment discrimination case is before the Court on Defendant Southwestern Bell Telephone's Motion to Dismiss [Doc. # 17]. Plaintiff Consuela Buenteo filed an Original Complaint [Doc. # 2] in a *pro se* capacity on June 14, 2004. At a pretrial conference on April 8, 2005, the Court granted Southwestern Bell Telephone's ("SBT's") motion to dismiss certain claims and ordered Plaintiff to amend her complaint to add more detail and specificity to her allegations. Plaintiff did not file an amended complaint by April 29, 2005, the deadline set by the Court. SBT filed the pending Motion to Dismiss Plaintiff's Original Complaint on May 10, 2005. This Court ordered Plaintiff to file a response in opposition to the Motion by June 6, 2005. On June 6, 2005, Plaintiff filed an untitled document that the Court will treat as Plaintiff's First Amended Complaint [Doc. # 20].

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served," and leave to further amend pleadings "shall be freely given when justice so requires." FED. R.

CIV. P. 15(a); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998). The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (citations omitted). Based on the fact that Plaintiff filed her oiginal complaint *pro se*, and the teachings of Rule 15(a), the Court concludes that leave to amend Plaintiff's original complaint should be granted. The Court deems Plaintiff's First Amended Complaint to be her definitive pleading.

It is unclear whether Plaintiff's First Amended Complaint cures some or all of the deficiencies asserted in SBT's Motion to Dismiss, as amended. Therefore, SBT's pending Motion to Dismiss will be denied without prejudice. STB shall respond to Plaintiff's First Amended Complaint by filing, on or before July 8, 2005, an answer or a fresh motion to dismiss. Plaintiff must respond to any new motion to dismiss within 20 days of its filing, and SBT shall reply within 5 days of Plaintiff's response. It is therefore

**ORDERED** that Leave to Amend Plaintiff's Original Complaint is **GRANTED**. It is further

**ORDERED** that Plaintiff's First Amended Complaint [Doc. # 20] is deemed filed as of June 30, 2005. It is further

**ORDERED** that Defendant Southwestern Bell Telephone's Motion to Dismiss [Doc. # 17] is **DENIED without prejudice** to refiling to address claims asserted in Plaintiff's First Amended Complaint. It is further

**ORDERED** that, if Defendant SBT files another motion to dismiss, Plaintiff shall respond within 20 days, and Defendant shall reply within 5 days.

SIGNED at Houston, Texas this **30th** day of **June, 2005**.

_____
Nancy F. Atlas
United States District Judge